# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 21, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2007-SC-000169-WC

DATE 3-13-08 EuReGoun+P.C

JAMES MUNCY       APPELLANT

           ON APPEAL FROM COURT OF APPEALS
V.                   2006-CA-001742-WC
          WORKERS' COMPENSATION NO. 03-93415

ELMO GREER & SONS;
HON. HOWARD E. FRASIER, JR.,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD       APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

KRS 342.185(1) requires an application for workers' compensation benefits to be filed within two years after the date of the accident or within two years after the suspension of income benefits, whichever occurs last.

An Administrative Law Judge (ALJ) determined that PIP benefits the claimant received under a motor vehicle insurance policy did not toll the two-year period for filing a claim. The Workers' Compensation Board affirmed and the Court of Appeals affirmed the Board. We affirm because KRS 342.0011(12) defines income benefits as being payments made "under the provisions of this chapter." PIP benefits are paid under the Motor Vehicle Reparations Act found in Chapter 304.39 rather than under the provisions of Chapter 342.

The claimant was injured in a work-related motor vehicle accident on February 28, 2003. The employer's workers' compensation carrier paid voluntary temporary total disability (TTD) benefits through July 18, 2003. On August 8, 2003, the Department of Workers' Claims (presently the Office of Workers' Claims) sent a letter advising the claimant that the employer's workers' compensation carrier had terminated income benefits on July 18, 2003, and that any application for further benefits "must be filed within two years after the date your injury occurred, or, within two years after the last voluntary payment of <u>income</u> benefits . . . ." (emphasis original).

On July 25, 2005, the claimant filed an application for workers' compensation benefits. The employer admitted that the accident occurred and that it received timely notice, but it denied the claim as being filed outside the two-year limitations period found in KRS 342.185(1). The ALJ bifurcated the claim for the purpose of deciding the limitations issue.

The claimant submitted into evidence a report from Dr. Hoskins. Among other things, it indicated that the injury occurred when the claimant was rear-ended while driving his personal vehicle, performing an errand for his employer. The claimant also submitted a PIP worksheet from the motor vehicle carrier. It bore the notation "Cov. 12 only - Excess Workers Comp" and indicated that the carrier issued payment for wages on October 13, 2003, and on October 27, 2003. The payments totaled $9,099.60 and covered periods that ended on October 3, 2003.

The claimant argued that his application for benefits was timely because the PIP benefits tolled the two-year limitations period. The employer argued, however, that benefits paid by the claimant's PIP carrier were unrelated to workers' compensation

2

income benefits.  Noting the completely different purposes of Chapters 304.39 and 342, the ALJ concluded that KRS 342.185(1) tolls the period of limitations during periods that "income benefits" are paid and that the term does not include PIP or basic reparations benefits paid under a motor vehicle insurance policy.

Having failed to convince the Board or the Court of Appeals that the ALJ erred, the claimant continues to appeal.  He argues that Chapter 342 required his employer to pay income benefits from the date of the accident until such time as he recovered sufficiently to be able to return to work.  He asserts that it is of no consequence whether income benefits are paid by the employer's workers' compensation carrier or by a motor vehicle carrier.  Payments by either carrier toll the period of limitations.

The employer emphasizes that this is a workers' compensation case, not a civil action.  It argues that PIP and workers' compensation benefits are unrelated and also that Chapter 342's definition of "income benefits" does not include PIP benefits or any other non-workers' compensation payments.  The employer explains that income benefits compensate a worker who is injured in a work-related accident for up to 66 2/3% of the individual's average weekly wage but no more than the state's average weekly wage.  PIP benefits paid under Chapter 304.39 compensate individuals who are injured in motor vehicle accidents for actual lost wages.  It asserts that the claimant's PIP benefits were paid in addition to the TTD benefits, not in lieu of them.[1]

---

1 KRS 342.700(1) prohibits a worker from collecting PIP wage loss benefits from a third-party tortfeasor that overlap income benefits received from the employer.  A worker who has received income benefits may collect PIP benefits equal to the difference between the income benefits and the actual wage loss.  See Krahwinkel v. Commonwealth Aluminum Corp., 183 S.W.3d 154 (Ky. 2005).

KRS 342.185(1) states, in pertinent part, as follows:

> [N]o proceeding under this chapter for compensation for an injury or death shall be maintained . . . unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the office within two (2) years after the date of the accident . . . . If payments of <u>income benefits</u> have been made, the filing of an application for adjustment of claim with the office within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later. (emphasis added).

KRS 342.040(1) requires an employer to pay "income benefits" if an injury causes a period of more than seven days' disability. It imposes 12% annual interest on each overdue installment but an 18% annual interest rate if the employer denies, delays, or terminates payment "without reasonable foundation." KRS 342.040(1) also requires an employer to notify the Office of Workers' Claims when it terminates or fails to pay income benefits when due. It requires the Office, upon notice that a worker's benefits have been terminated, to advise the worker of the right to prosecute a claim, which includes notice of the applicable statute of limitations.

<u>Patrick v. Christopher East Health Care</u>, 142 S.W.3d 149 (Ky. 2004), and <u>City of Frankfort v. Rogers</u>, 765 S.W.2d 579 (Ky. App. 1988), explain that KRS 342.185(1) and KRS 342.040(1) operate together. They protect injured workers from being lulled into a false sense of security by receiving voluntary income benefits and, therefore, failing to actively pursue a claim. KRS 342.185(1) tolls the period of limitations until the employer terminates voluntary income benefits. Moreover, an employer who fails to comply with KRS 342.040(1) may not raise a limitations defense because its conduct prevents the Office from complying with its duty to advise the worker of the right to

4

prosecute a claim and of the applicable period of limitations.

KRS 342.0011(12) defines "income benefits" as being "payments made under the provisions of this chapter . . . excluding medical and related benefits." Although the accident for which the claimant's PIP benefits were paid was work-related, the obligation to pay them arose under Chapter 304.39. They are not income benefits for the purpose of KRS 342.040(1) or KRS 342.185(1). They do not excuse the employer from its obligation to pay the income benefits or its obligation to notify the Office if it terminates them or fails to pay them when due. Nor do they toll the period of limitations.

The decision of the Court of Appeals is affirmed.

Lambert, C.J., and Cunningham, Minton, Noble, Schroder and Scott, JJ., concur. Abramson, J., not sitting.

COUNSEL FOR APPELLANT,
JAMES MUNCY:

MCKINNLEY MORGAN
MORGAN, MADDEN, BRASHEAR & COLLINS
921 SOUTH MAIN STREET
LONDON, KY 40741

COUNSEL FOR APPELLEE,
ELMO GREER & SONS:

RONALD J. POHL
POHL, KISER & AUBREY, P.S.C.
167 WEST MAIN STREET
SUITE 100
LEXINGTON, KY 40507-1323